UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Alton M. Chisolm, # 9145, | ) | C/A No. 4:02-3473-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Al Cannon, Sheriff of Charleston | ) | |
| County; and Charleston County Detention | ) | |
| Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Alton M. Chisolm is an inmate of the South Carolina Department of Corrections.  At the time of the filing of this lawsuit, plaintiff was an inmate with the Charleston County Detention Center ("CCDC").  Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated in that the defendants were deliberately indifferent to his medical needs.  In particular, the plaintiff alleges that defendants refused to respond quickly to his request for assistance for a dental emergency.  By Order dated September 9, 2004, this court adopted the Report and Recommendation of the Magistrate Judge and granted summary judgment to defendant Prison Health Services-Dental.

This matter is before the court on motion for summary judgment by defendants Al Cannon, Sheriff of Charleston County, and Charleston County Detention Center, filed May  23, 2005.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III,  for pretrial handling.  By order filed May 23, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised the

1

plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff did not file a response to the summary judgment motion; however, he filed a "Notice of a Formal Request for the Facts, Evidence and Argument"on June 15, 2005.

The Magistrate Judge issued a Report and Recommendation on January 18, 2006, in which he recommended the motion by the sheriff of Charleston County and the Charleston County Detention Center for summary judgment be granted.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

On February 6, 2006, the last day to file objections to the Report and Recommendation, the plaintiff filed a response to the motion for summary judgment. This filing in no way constitutes objections to the Report and Recommendation.

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to

discuss the conclusion reached by the Magistrate Judge any further.  See 28 U.S.C.§636(b)(1)(C) (If

a party objects, the district court "shall make a de novo determination of those portions of the report

or *specified* proposed findings or recommendations to which objection is made") (emphasis added).

 Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's

Report and Recommendation.  Therefore, this Court is of the opinion that the plaintiff's filing does not

satisfy the specificity requirement of Rule 72(b) fo the Federal Rules of Civil Procedure.[1]  Plaintiff's

filing is simply an effort to rehash the allegations of his complaint.

    Nevertheless, the court keeps in mind that this is a <u>pro se</u> litigant and is entitled to some

deference.  Therefore, out of an abundance of caution, the court has conducted a *de novo* review of the

Report and Recommendation and has made an effort to glean the parts of the Report to which the

plaintiff objects.

**<u>Facts</u>**

    Plaintiff alleges in his complaint that his constitutional rights were violated for the following

reasons, quoted verbatim:

> I requested "help, help, help" and emergency 10 times in 2 months and 7 days.  I have
> sharp pains in 3 teeth, two on the left side rear top and bottom and one on the rear right
> top.  These sharp pains gave me dizziness and sharp teeth pains and headaches.  The
> pains got so bad within the 9th time requesting help-two month; I felt very helpless,

---

[1]Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party
may serve and file **specific, written objections to the proposed findings and
recommendations**. . . The district judge to whom the case is assigned shall make a de
novo determination upon the record, or after additional evidence, of **any portion of the
magistrate judge's disposition to which <u>specific</u> written objection has been made
in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

3

> eating and dizzy in the head and sharp pains in two teeth, one tooth on each side after eating lunch and upon traveling to make my tray; I got dizzy and fell. They called medical. They took me in a wheel chair. Check me. The Dentist was enlighten to the problems and the nurse told her this man requested a response 9 times. The Dentist claims she never got any request. She has me on a number 50th waiting list and I have an emergency problem to be solved and completed upon my head. This is what I want, equal rights to be seen quickly on an emergency helping standards of order and they are suppose to help me in the Charleston County Detention Center. I don't have any other way to get dental care. This is the end and I want to prove myself worthy of this claim.

(Plaintiff's complaint).

Plaintiff admits in his complaint that he was later seen by the dentist. He also attaches notes from a nurse to his tardy response to motion for summary judgment showing that he was seen by medical staff on the date of his inmate request and given a prescription for pain relief until he could be seen by the dentist.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." Pulliam Inv. Co. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks

4

sufficient evidence.  The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); see also generally Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).  Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion."  Ennis v. National Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

Further, a party may not create a genuine issue of material fact by presenting two conflicting versions of events.  Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.").  This rule applies equally to the testimony of non-party witnesses.  See Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 974 (4th Cir. 1990) (affirming trial court's rejection of expert's affidavit testimony which contradicted his sworn deposition testimony).

### Rights of Pretrial Detainees to Medical Treatment

The Due Process Clause of the Fourteenth Amendment imposes affirmative obligations on states in the treatment of pre-trial detainees.  Specifically, due process prohibits punishment of pre-trial detainees and protects them from excessive force that amounts to punishment.  See Bell v. Wolfish, 441 U.S. 520, 535 (1979). The Fourth Circuit has held that pretrial detainees should receive "at least the same protection under the Fourteenth Amendment" as convicted prisoners receive under the Eighth Amendment.  Young v City of Mount Rainier, 238 F.3d 567, 575 (4th Cir. 2001). The "deliberate indifference" standard utilized in Eighth Amendment cases has been applied in Fourteenth Amendment cases regarding serious medical needs of pretrial detainees. Id.

5

The Fourth Circuit has held that "only governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment." Young, 372 F.3d at 574.  See also Parrish v. Cleveland, 372 F.3d 294 (4th Cir. 2004). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee and that they actually knew of and ignored a detainee's serious need for medical care." Young, 238 F.3d at 575-76.  (emphasis added) See also Estelle v. Gamble, 429 U.S. 97, 107 (1976); Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In his Report, the Magistrate Judge reasoned that the plaintiff did in fact receive treatment for his pain and that "a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation."  Report at 8. The Magistrate Judge pointed out that the plaintiff received an examination and medical treatment for his complaints while Plaintiff was detained at CCDC.  Based on this information, the Magistrate Judge concluded that Defendants had not exhibited "deliberate and intentional indifference" to Plaintiff's serious medical needs.   The Magistrate Judge therefore recommended in his Report that Defendants' motion for summary judgment be granted as to Plaintiff's medical indifference claim.

The court agrees with the Magistrate Judge's analysis of Plaintiff's claim that Defendants failed to provide him with adequate medical care.  Plaintiff has made no showing that Defendants were deliberately and intentionally indifferent to his serious medical needs or that his treatment at CCDC was so grossly inadequate or incompetent as to "shock the conscience."  Thus, for the reasons set forth in the Magistrate Judge's Report, Defendants' motion for summary judgment is granted as to Plaintiff's medical indifference claim.

**Supervisory Liability**

6

The plaintiff is apparently attempting to allege that the sheriff of Charleston County and the Charleston County Detention Center are responsible for the actions of their agents, although no agents are sued by name.  This Court does not believe that the plaintiff has sufficiently alleged supervisory liability under §1983.  However, even if supervisory liability has been sufficiently alleged, the court finds that the undisputed facts do not support such a finding.

The Fourth Circuit has enunciated three elements required to establish supervisory liability under §1983:

> (1) knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813, 814 (1994).

In order to establish "deliberate indifference" to cruel and unusual punishment under the Eighth Amendment, constructive knowledge is not sufficient.  Under the Farmer case, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety;  the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.  See Brown v. Mitchell, 308 F. Supp. 2d 682 (D.Va. 2004).  Courts have recognized that prisoners do not have "unqualified access to health care" and that "the objective component of an Eighth Amendment claim based on a deprivation of medical attention is satisfied only if the medical need of the prisoner is serious". Shakka v. Smith, 71 F.3d 162 (4th Cir. 1995).

7

In the instant case, the plaintiff has not alleged that the Sheriff or any supervisors of the detention center had actual knowledge of any risk to inmate health which they failed to remedy. The Complaint fails to sufficiently state a claim for supervisory liability, and the undisputed facts do not support knowledge by the Sheriff or other supervisors of a risk of constitutional injury to the plaintiff or deliberate indifference to the alleged failure to provide timely medical care.

Moreover, this Court agrees with the Magistrate Judge that the defendants cannot be held liable under a respondeat superior theory under the Monell case as the plaintiff has made no allegation of an official policy which results in illegal action as required by Monell v. Dep't of Soc. Serv, 436 U.S. 658 (1978).

**Qualified Immunity**

Defendants contend that all actions taken by the defendants with regard to this matter were discretionary acts which are protected by the doctrine of qualified immunity. Further, defendants assert that there is no clearly established constitutional right to free access to non-emergency medical services by those incarcerated. Thus, defendants argue that they have in no way knowingly violated any of the plaintiff's constitutional rights and are entitled to qualified immunity pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982).

When a person is sued in his individual capacity, the court may consider whether that person is entitled to immunity from suit. Immunity is a defense to be asserted by the defendant and the burden of proving entitlement to immunity rests with the defendant asserting it. Gomez v. Toldeo, 446 U.S. 635, 640-41 (1980); Tanner v. Hardy, 764 F.2d 1024, 1027 (4th Cir. 1985). Once asserted, however, the court should carefully consider whether the person is entitled to either absolute immunity (judicial and quasi-judicial, legislative) or qualified immunity. Harlow, 457 U.S. at 807. Once raised, immunity

8

is a threshold issue, which should be addressed early in the action because if it can be shown to be a valid defense, the defendant is entitled to dismissal or summary judgment. <u>Siegert v. Gilley</u>, 500 U.S. 226, 331 (1991). For that reason, the issue of immunity should be addressed before discovery is allowed. <u>Id</u>.

The Supreme Court in <u>Harlow</u> established the standard which the court is to follow in determining whether defendant is protected by this immunity: "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow</u>, 457 U.S. at 818. As discussed above, the plaintiff fails to shows that the defendants violated any of his clearly established constitutional or statutory rights. Therefore, the defendants are entitled to qualified immunity in their individual capacity. Thus, summary judgment is granted on this issue.

### Eleventh Amendment

The defendants argue that the plaintiff's complaint should be dismissed since it is well-settled that the Eleventh Amendment grant of immunity to the states extends to state agencies and state officials acting in their official capacities. <u>See</u> <u>Cromer v. Brown</u>, 88 F.3d 1315 (4th Cir.1996), holding sheriffs are state agents who are not amenable to suit in federal court. <u>See also</u>, <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989), holding the Eleventh Amendment does not allow § 1983 suits against the state unless the state has waived its immunity or Congress has acted to override the immunity.

This court finds that the plaintiff's complaint should be dismissed insofar as it seeks to sue the defendant Sheriff and the detention center as an arm of the state. The Court also finds that the detention

9

center is not a person for purposes of suit under 42 U.S.C. §1983.  See Allison v. California Adult

Auth., 419 F.2d 822, 823f (9th Cir. 1969).

### Conclusion

After a review of the case law and record before it, the court overrules any objections by the

plaintiff, adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by

reference.  For the reasons stated therein and in this order, defendants Al Cannon, Sheriff of Charleston

County and Charleston County Detention Centers' motion for summary judgment is **granted**.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

February 15, 2006
Florence, SC

10